UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**07 CIV 8166**

**JUDGE KARAS**

KONINKLIJKE PHILIPS ELECTRONICS N.V.
and U.S. PHILIPS CORPORATION,

Plaintiffs,

– against –

Advanced Digital Replication, Inc., Rezland
Properties LLC, Pandemonium DVD, Inc., DVD
Invasion, Inc., Future Works Distributions, Inc.,
Future Works Unlimited, Inc., Future
Entertainment, Inc., Backroom Sales, Inc. (d.b.a.
Three Circle Video, Lucky Seven, Gourmet
Video, Blue Ribbon Entertainment, BRS Direct,
and Planet DVD Distributors), Back-Room
Sales, Inc., Net Ventures, Inc., Happy Harkins
Ventures, LLC, Video Thrills, Inc., A.S.
American Distributors, Inc., Net Ventures, Inc.,
Factory Direct Entertainment, Inc., Vonce, Inc.,
SEGGEDBE, Inc., Keppi, Inc., Jonathan
Resnick, Rhoda Resnick, David Kurzman, Sam
Schreiber, Larry Gerson (a.k.a. Larry Fields),
Donna Sanford, Pleasure Productions, Inc.
(d.b.a. Al Borda Video, Bruce Seven
Productions, Las Vegas Video, New Vision
Video, Outlaw Productions, Plum Productions,
Regiment Productions, and Rosebud Digital),
International Video Distributors, LLC,
International Video Distributors South, LLC,
Frank Koretsky, New Mission LLC d.b.a. New
Machine Publishing, Acid Rain Productions,
Inc., and Mitchell Spinelli,

Defendants.

Case No. _____

**COMPLAINT FOR
PATENT INFRINGMENT**



FILED
2007 SEP 18  PM 3: 51
U.S. DISTRICT COURT
S.D. OF N.Y.

Plaintiffs Koninklijke Philips Electronics N.V. and U.S. Philips Corporation (collectively, "Philips") allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, against Defendants Advanced Digital Replication, Inc. ("ADR"), Rezland Properties, LLC ("Rezland"), Pandemonium DVD, Inc. ("Pandemonium"), DVD Invasion, Inc. ("DVD Invasion"), Future Works Distributions, Inc. ("FW Distributions"), Future Works Unlimited, Inc. ("FW Unlimited"), Future Entertainment, Inc. ("Future Entertainment"), Backroom Sales, Inc. ("Backroom") d.b.a. Three Circle Video, Lucky Seven, Gourmet Video, Blue Ribbon Entertainment, BRS Direct, and Planet DVD Distributors, Back-Room Sales, Inc. ("Back Room") , Net Ventures, Inc. ("Net Ventures"), Happy Harkins Ventures, LLC ("Happy Harkins"), Video Thrills, Inc. ("Video Thrills"), A.S. American Distributors, Inc. ("A.S. American"), Factory Direct Entertainment, Inc. ("Factory Direct"), Vonce, Inc. ("Vonce"), SEGGEDBE, Inc. ("SEGGEDBE"), Keppi, Inc. ("Keppi", and collectively with ADR, Rezland, Pandemonium, DVD Invasion, FW Distributions, FW Unlimited, Future Entertainment, Backroom, Back Room, Net Ventures, Happy Harkins, Video Thrills, A.S. American, Factory Direct, Vonce, and SEGGEDBE, "the ADR Enterprises"), Jonathan Resnick ("Jonathan"), Rhoda Resnick ("Rhoda"), David Kurzman, Sam Schreiber, Larry Gerson (a.k.a. Larry Fields), Donna Sanford (collectively with Jonathan, Rhoda, Kurzman, and Schreiber, "the ADR Individuals"), Pleasure Productions, Inc. d.b.a. Al Borda Video, Bruce Seven Productions, Las Vegas Video, New Vision Video, Outlaw Productions, Plum Productions, Regiment Productions, and Rosebud Digital ("Pleasure"), International Video Distributors, LLC ("International Video"), International Video Distributors South, LLC ("International Video South"), Frank Koretsky, New Mission LLC d.b.a. New Machine Publishing ("New Machine"), Acid Rain Productions, Inc. ("Acid Rain"), and Mitchell Spinelli, (collectively with Pleasure, International Video, International Video South, Koretsky, and Acid Rain, "the ADR Customers") as follows:

///

///

- 1 -

**Nature of the Action**

1.          Philips owns patents in the technology used to manufacture CDs and DVDs.

Philips administers a worldwide program that licenses these patents to disc manufacturers.  Despite

the fact that they have never been licensed, Defendants have used this patented technology.

2.          The ADR Enterprises, acting at the direction of and induced by the ADR

Individuals, have manufactured, sold, and offered to sell—and continue to manufacture, sell, and

offer to sell—"adult" DVDs.  They sell these DVDs to the ADR Customers.  They do so without a

license from Philips or any other form of permission or consent.

3.          Philips seeks enhanced damages, attorneys' fees, costs, equitable relief, and

injunctive relief to redress the damage that the defendants' infringement has caused.


**Jurisdiction and Venue**

4.          This is an action for patent infringement arising under the United States Patent

Act (Title 35 of the United States Code).  This Court has subject matter jurisdiction of this action

under 28 U.S.C. §§ 1331 and 1338(a).

5.          Venue for Philips' claims is proper in this District under 28 U.S.C. §§ 1391(b)

and (c) and 1400(b) because, among other things, one or more of the acts of infringement

complained of took place in this District, and each Defendant purposefully engaged in acts of

infringement in this District, and/or has substantial, continuous, and systematic contacts with this

District and with the State of New York.


**The Parties**

6.          Plaintiff Koninklijke Philips Electronics N.V. is a Dutch corporation having an

office and principal place of business in Amsterdam, The Netherlands.

7.          Plaintiff U.S. Philips Corporation is a Delaware corporation with a place of

business at 345 Scarborough Road, Briarcliff Manor, New York.

8.        Defendant ADR is a New Jersey corporation with its principal place of business at 105 South State St., Hackensack, New Jersey.

9.        Defendant Rezland is a New Jersey limited liability corporation with its principal place of business at 105 South State St., Hackensack, New Jersey.

10.       Defendant Pandemonium, is a New Jersey corporation with its principal place of business at 105 South State St., Hackensack, New Jersey.  Pandemonium also conducts business at 1000 E. Avenue Q, Palmdale, California.

11.       Defendant DVD Invasion is a New Jersey corporation with its principal place of business at 105 South State St., Hackensack, New Jersey.

12.       Defendant FW Distributions is a New York corporation that has or had its principal place of business at 10 E. 33rd St., 7th Floor, New York, New York.

13.       Defendant FW Unlimited is a New York corporation with a registered address at 201-02 Northern Blvd., Bayside, New York.  FW Unlimited has done business at 10 E. 33rd St., 7th Floor, New York, New York.

14.       Defendant Future Entertainment is a New York corporation with a registered address at 24-20 Jackson Ave, Suite G, Long Island City, New York.

15.       Defendant Backroom is a New Jersey corporation with its principal place of business at 125 Route 526, Allentown, New Jersey.  Backroom does business and/or has done business as Three Circle Video, Lucky Seven, Gourmet Video, Blue Ribbon Entertainment, BRS Direct, and Planet DVD Distributors.

16.       Defendant Back-Room is a Pennsylvania corporation with a registered address at 9808 Bustleton Ave., Philadelphia, Pennsylvania.  Back-Room does business at 125 Route 526, Allentown, New Jersey.

17.       Defendant Net Ventures is a New Jersey corporation with its principal place of business at 125 Route 526, Allentown, New Jersey.

18.       Defendant Happy Harkins is a New Jersey limited liability company with its principal place of business at 125 Route 526, Allentown, New Jersey.

- 3 -

19.        Defendant Video Thrills is a New Jersey corporation with a registered address at 1601 RT 27, Edison, NJ.  Video Thrills does business at 125 Route 526, Allentown, New Jersey.

20.        Defendant A.S. American is a New York corporation with a registered address at 31-89 Crescent St., Astoria, New York.  A.S. American does business at 125 Route 526, Allentown, New Jersey.

21.        Defendant Factory Direct is a Florida corporation with its principal place of business at 125 Route 526, Allentown, New Jersey.

22.        Defendant Vonce is a Florida corporation with its principal place of business at 125 Route 526, Allentown, New Jersey.

23.        Defendant SEGGEDBE is a Florida corporation with its principal place of business at 125 Route 526, Allentown, New Jersey.

24.        Defendant Keppi is a Pennsylvania corporation with a registered address at 9808 Bustleton Ave., Philadelphia, Pennsylvania.  Defendant Keppi does business at 125 Route 526, Allentown, New Jersey.

25.        Defendant Jonathan Resnick is a New Jersey resident and conducts business or has conducted business at 10 E. 33rd St., 7th Floor, New York, New York, and at 105 South State St., Hackensack, New Jersey.  Jonathan is a managing member and principal of ADR.  In that capacity, he directs and controls the day-to-day operations of ADR and the ADR Enterprises that infringe Philips' patents.

26.        Defendant Rhoda Resnick is a New Jersey resident and conducts business or has conducted business at 10 E. 33rd St., 7th Floor, New York, New York, and at 105 South State St., Hackensack, New Jersey.  Rhoda is a principal of ADR.  In that capacity, she directs and controls the day-to-day operations of ADR and the ADR Enterprises that infringe Philips' patents.

27.        Defendant Kurzman is a New Jersey resident and conducts business or has conducted business at 105 South State St., Hackensack, New Jersey, and at 125 Route 526, Allentown, New Jersey.  Kurzman is a managing member and principal of ADR.  In that capacity, he directs and controls the day-to-day ADR and the ADR Enterprises that infringe Philips' patents.

28.      Defendant Schreiber is a New Jersey resident and conducts business or has conducted business at 105 South State St., Hackensack, New Jersey, and at 125 Route 526, Allentown, New Jersey. Schreiber is a managing member and principal of ADR. In that capacity, he directs and controls the day-to-day operations at ADR and the ADR Enterprises that infringe Philips' patents.

29.      Defendant Gerson is a New York resident and conducts business or has conducted business at 10 E. 33rd St., 7th Floor, New York, New York and 105 South State St., Hackensack, New Jersey. Gerson directs and controls the day-to-day operations at ADR and the ADR Enterprises that infringe Philips' patents.

30.      Defendant Sanford is a California resident and conducts business or has conducted business at 1000 E. Ave. Q., Palmdale, California, in the Southern District of California. Sanford has served as an agent of Pandemonium, and in that capacity has directed operations that infringe Philip's patents.

31.      Defendant International Video is a limited liability company with its principal place of business at 59 Lake Dr., Hightstown, New Jersey.

32.      Defendant International Video South is a Florida limited liability company with its principal place of business at 2801 South Park Rd., Pembroke, Florida.

33.      Defendant Pleasure is a New Jersey corporation with its principal place of business at 59 Lake Drive, Hightstown, New Jersey.

34.      Defendant Koretsky conducts business or has conducted business at 59 Lake Dr., Hightstown, New Jersey, and at 2801 South Park Rd., Pembroke, Florida. Koretsky is a managing member and principal of International Video, International Video South, East Coast News, East Coast News South, and Pleasure. In that capacity, he directs and controls the day-to-day operations at International Video, International Video South, East Coast News, East Coast News South, and Pleasure that infringe Philips' patents.

35.      Defendant New Machine is a New Jersey limited liability company with its principal place of business at 7 Oak Place, Montclair, New Jersey. New Machine does business

and/or has formerly done business as New Machine Publishing, Corrupted Pictures, Hardline Studios, Insomnia, NJ Films, and Gen XXX.

36.        Defendant Acid Rain is a Delaware corporation with its principal place of business at 8735 Shirley Ave., Northridge, California, in the Central District of California.

37.        Defendant Spinelli is a California resident who conducts business or has conducted business at 8735 Shirley Ave., Northridge, California.  Defendant Spinelli is the managing member and principal of Acid Rain.  In that capacity, he directs and controls the day-to-day operations at Acid Rain that infringe Philips' patents.

38.        Jonathan Resnick's wife, Jennifer Resnick, though not named as a defendant in this complaint, also participates in the operations of the ADR Enterprises.

39.        The ADR Enterprises and the ADR Individuals, and each of them, are the agents, subsidiaries, and alter egos of each other because, among other things:

(a) The ADR Enterprises have shared and continue to share offices at multiple locations. These locations include 10 E. 33rd St., 7th Floor, New York, New York, 105 South State St., Hackensack, New Jersey, and 125 Route 526, Allentown, New Jersey.

(b) The ADR Enterprises share managing officers and principals, specifically, Resnick, Kurzman, and Schrieber, and share other personnel, including Gerson and Sanford.

(c) The ADR Individuals have failed to maintain arm's length relations among the ADR Enterprises when they transact with each other by, among other things, (i) using some of the ADR Enterprises to provide space and other facilities for other ADR Enterprises without proper accounting and payment; (ii) by transferring unlicensed and infringing DVDs, upon which royalties due Philips have not been paid, between and among ADR Enterprises without proper accounting and payment; and (iii) by transferring DVD disc manufacturing, printing, and packaging equipment between and among ADR Enterprises without proper accounting and payment.

(d) The ADR Individuals have commingled the assets of the ADR Enterprises with their own assets and those of other ADR Enterprises by (i) drawing salaries and other

compensation without proper accounting; (ii) transferring unlicensed and infringing DVDs, upon which royalties due Philips have not been paid, between and among ADR Enterprises without proper accounting and payment; and (iii) transferring DVD disc manufacturing, printing, and packaging equipment between and among ADR Enterprises without proper accounting and payment.

40.      Pleasure does business and/or has formerly done business as Armageddon, Bedtime, Brand Nu Line, Western Visuals, Al Borda Video, Bruce Seven Productions, Las Vegas Video, New Vision Video, Outlaw Productions, Plum Productions, Regiment Productions, and Rosebud Digital.

41.      The ADR Enterprises also sell infringing DVDs to other customers, not yet named as parties in this complaint, including:

(a) Coast to Coast Productions, which does business at 318 W. 39th Street, New York, New York;

(b) Celestial Productions, which does business at 21634 Lassen, Chatsworth, California;

(c) Nationwide Entertainment, which does business at 1170 Broadway, Suite 403, New York, New York;

(d) E & A Video & Magazine, which does business at 11 Robert Street, Nutley, New Jersey;

(e) Big D, a.k.a. and d.b.a. Deluxe Entertainment, which does business at 15111 N. Hayden Road, Suite 160, PMB 353, Scottsdale, Arizona;

(f) Mallcom Corporation, which does business at 55 Sea Cliff Avenue, Glen Cove, New York; and

(g) Critical X, which does business at 7745 Alabama Avenue, Suite 1, Canoga Park, California.

**The Patents-in-Suit**

42.      United States Patent No. 5,790,512 ("the '512 Patent"), entitled "Optical Information Carrier," was duly and legally issued on August 4, 1998. U.S. Philips Corporation is

the owner by assignment of all right, title, and interest in the '512 Patent. A copy of the '512 Patent is attached as Exhibit A.

43.      United States Patent No. 5,745,641 ("the '641 Patent"), entitled "Full-Motion Video Disc with Reference Information for Slow-Motion or Freeze Playback," was duly and legally issued on April 28, 1998. U.S. Philips Corporation is the owner by assignment of all right, title, and interest in the '641 Patent. A copy of the '641 Patent is attached as Exhibit B.

44.      The '512 Patent and the '641 Patent are collectively referred to as the "Patents-in-Suit."

### Factual Background

45.      The ADR Enterprises and Individuals are companies, and the principals or agents of those companies, involved in the production and replication of pornography. The ADR Enterprises form part of the same overarching enterprise and are distinct in name only.

46.      The ADR Enterprises now share so many connections that they effectively operate as spokes of a central enterprise, with ADR as its hub.

47.      That enterprise is large. And it is capable of replicating high volumes of unlicensed, infringing "adult" DVD titles.

48.      The DVDs that the ADR Enterprises made, sold, and offered to sell were unlicensed. And the DVDs that they continue to make, sell, and offer to sell are unlicensed.

49.      The enterprise has advertised its services to the "adult" motion picture industry and, over the years, has attracted business from producers, studios, and distributors—among them, the ADR Customers.

50.      International Video, International Video South, and Pleasure form part of another large "adult" enterprise. International Video is recognized as the largest distributor of "adult" motion pictures content in the country. Its principal, Koretsky, controls a series of "adult" motion picture studios and distribution outlets for those motion pictures.

51.    International Video, International Video South, and Pleasure have, at the direction of their principal, Koretsky, contracted with the ADR Enterprises to replicate "adult" DVDs. International Video, International Video South and Pleasure sold these discs to retailers who have sold them to the public.

52.    Philips filed suit against International Video and Pleasure in 2006 for infringing the '512 and '641 Patents. International Video and Pleasure parties, therefore, have had actual notice of Philips' ownership of the Patents-in-Suit and of what conduct infringes those patents. International Video, International Video South, and Pleasure have nevertheless sold DVDs made by the unlicensed ADR Enterprises—using patented technology without permission from Philips. In doing so, they have infringed the Patents-in-Suit.

53.    Acid Rain is an "adult" motion picture studio. It has, at the direction of its principal, Spinelli, contracted with the ADR Enterprises to replicate "adult" DVDs, which it has in turn sold to distributors, to retailers, and to the public.

54.    By selling these DVDs made by the unlicensed ADR Enterprises, using patented technology without permission from Philips, Acid Rain and Spinelli have infringed the Patents-in-Suit.

///

///

///

///

///

///

///

///

///

///

///

## CLAIMS FOR RELIEF

### First Claim For relief
### Infringement of the '512 Patent (35 U.S.C. § 271) against All Defendants

55.        Philips realleges and incorporates by reference paragraphs 1 through 54 as if set forth herein in full.

56.        Defendants, in violation of 35 U.S.C. § 271, have been and currently are infringing, contributorily infringing or inducing others to infringe one or more claims of the '512 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States—within this district and elsewhere—DVDs that infringe upon the Patents-in-Suit.

57.        Defendants' infringement includes, among other things:

(a)  Defendants have been and currently are without license or authority making, using, offering to sell, selling or importing into the United States—within this District and elsewhere—DVDs that infringe the '512 Patent.

(b)  Defendants Jonathan, Rhoda, Kurzman, and Schreiber have knowingly and willfully aided and abetted or actively induced ADR and the ADR Enterprises, as well as Acid Rain Productions, Mallcom, and the entities associated with IVD, to infringe or induce others to infringe one or more claims of the '512 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States—within this District and elsewhere—DVDs that infringe upon the '512 Patent.

(c)  Defendants Jonathan, Rhoda, Kurzman, and Schreiber have specifically and willfully directed other officers, agents, distributors, customers or employees of themselves or the entities associated with the ADR Enterprises, to infringe one or more claims of the '512 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States— within this District and elsewhere—DVDs that infringe upon the '512 Patent.

58.         Defendants have acted in reckless disregard of the risk that their conduct described above avoided infringement of the '512 Patent and without any objectively reasonable basis for believing that the '512 Patent was invalid.  Their conduct, therefore, constitutes willful infringement.

59.         Philips has suffered damage and irreparable harm as a result of Defendants' infringement of the '512 Patent and will continue to suffer damage and irreparable harm from Defendants' continuing infringement until Defendants are enjoined therefrom by the Court.

**Second Claim For  Relief**
**Infringement of the '641 Patent (35 U.S.C.  § 271) against All Defendants**

60.         Philips realleges and incorporates by reference paragraphs 1 through 54 as if set forth herein in full.

61.         Defendants, in violation of 35 U.S.C. § 271, have been and currently are infringing, contributorily infringing or inducing others to infringe one or more claims of the '641 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States—within this district and elsewhere—DVDs that infringe upon the Patents-in-Suit.

62.         Defendants' infringement includes, among other things:

(a) Defendants have been and currently are without license or authority making, using, offering to sell, selling or importing into the United States—within this District and elsewhere—DVDs that infringe the '641 Patent.

(b) Defendants Jonathan, Rhoda, Kurzman, and Schreiber have knowingly and willfully aided and abetted or actively induced ADR and the ADR Enterprises, as well as Acid Rain Productions, Mallcom, and the entities associated with IVD, to infringe or induce others to infringe one or more claims of the '641 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States—within this District and elsewhere—DVDs that infringe upon the '641 Patent.

- 11 -

(c) Defendants Jonathan, Rhoda, Kurzman, and Schreiber have specifically and willfully directed other officers, agents, distributors, customers or employees of themselves or the entities associated with the ADR Enterprises, to infringe one or more claims of the '641 Patent, either literally or under the doctrine of equivalents, by without license or authority making, using, offering to sell, selling, or importing into the United States— within this District and elsewhere—DVDs that infringe upon the '641 Patent.

63.      Defendants have acted in reckless disregard of the risk that their conduct described above avoided infringement of the '641 Patent and without any objectively reasonable basis for believing that the '641 Patent was invalid. Their conduct, therefore, constitutes willful infringement.

64.      Philips has suffered damage and irreparable harm as a result of Defendants' infringement of the '641 Patent and will continue to suffer damage and irreparable harm from Defendants' continuing infringement until Defendants are enjoined therefrom by the Court.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Philips prays for:

(a) A judgment that the Patents-in-Suit are infringed by Defendants;

(a) A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, or any of them, from infringing, inducing the infringement of or contributorily infringing the Patents-in-Suit;

(b) A judgment awarding Philips its damages resulting from Defendants' infringement of the Patents-in-Suit, together with interest;

(c) A judgment that Defendants' infringement was willful and that the damages awarded Philips be trebled, pursuant to 35 U.S.C. §§ 283 and 284;

(d) A judgment that this case is exceptional pursuant to 35 U.S.C. § 285;

(e) A judgment awarding Philips its costs and attorneys' fees;

(f) Such other and further relief as this Court deems just and proper.


Dated:  New York, New York          MAYER BROWN LLP
        September 17, 2007

                                    By: _____
                                          Andrew H. Schapiro (AS-9464)
                                          1675 Broadway
                                          New York, NY 10019

                                    *Of counsel*

                                          Edward D. Johnson (EJ-5259)
                                          Two Palo Alto Square, Suite 300
                                          3000 El Camino Real
                                          Palo Alto, CA 94306

                                    *Attorney for Plaintiffs*