

ZANE AND RUDOFSKY
*Attorneys and Counsellors at Law*

THE STARRETT LEHIGH BUILDING
601 WEST 26TH STREET
NEW YORK 10001

(212) 245-2222

**MEMO ENDORSED**

FAX (212) 541-5555 • VOICEMAIL (212) 541-4444
E-MAIL info@zrlex.com • WEBSITE http://www.zrlex.com

November 10, 2007

Hon. Kenneth M. Karas, U.S.D.J.
Southern District of New York
300 Quarropas St., Room 533
White Plains, New York 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Via FedEx R

Re: Koninklijke Philips Electronics N.V. et ano. v. Advanced Digital Replication, Inc. et al.,
07 CIV 8166 (KMK)

Your Honor:

  We represent defendants A. S. American Distributors, Inc., Back-Room Sales, Inc. (a New Jersey entity s/h/a "Backroom Sales, Inc."), Back-Room Sales, Inc. (a Pennsylvania entity), David Kurzman, DVD Invasion, Inc., Happy Harkins Ventures, LLC, Keppi, Inc., Net Ventures, Inc., Sam Schreiber, SEGGEBDE, Inc., Video Thrills, Inc., and Vonce, Inc. ("Kurzman-Schreiber Defendants") and write pursuant to paragraph II(A) of your Individual Practices to request a pre-motion conference.

  We propose to move, pursuant to FRCP 8(e), 10(b), 12(b)(6), 12(e), and 12(f), and 56(b), to dismiss and/or strike and/or direct re-pleading and/or a more definite statement of the Complaint in this action as against our clients.

  The basis for our proposed motion is the following:

  Plaintiffs have sued thirty (30) defendants, alleging liability for patent infringement in the replication of DVDs on unspecified dates.

  Kurzman and Schreiber went into the replication business (with defendant Resnick) in 2002 and left the business in 2003. Of the ten (10) Kurzman-Schreiber Defendants which are entities ("Kurzman-Schreiber Entities"), we will establish that A.S. American Distributors, Inc. has been defunct since 2000. Back-Room Sales, Inc. (Pennsylvania) never conducted business at all; DVD Invasion, Inc. never engaged in the replication business and has been defunct since in or abut 2002/03; Happy Harkins LLC is solely a real estate company and is not involved in DVD replication; Keppi, Inc. has not engaged in business since 2000, when its sole location was sold; Net Ventures, Inc. has been defunct since in or about 1996/97; SEGGEBDE, Inc. has been defunct since in or about 1999; Video Thrills, Inc. has not engaged in business since 2000 when its sole location was sold; and Vonce, Inc. has been defunct since in or about 1998/99. Thus, we will establish that nine (9) of the ten (10) Kurzman-Schreiber Entities sued in this action have no liability for the acts complained of as a matter of law.

ZANE AND RUDOFSKY

We will further establish that as to defendants Kurzman, Schreiber and Back-Room Sales, Inc. (of New Jersey), and as to any of the Kurzman-Schreiber Entities in respect of which the Court does not grant summary judgment, the Complaint is so prolix, convoluted and confusing that it should either be dismissed, with leave to re-plead, or a more definite statement ordered.

The problem understanding who is being sued for what begins with the introductory paragraph to the Complaint, which reads as follows, in pertinent part:

> Plaintiffs ... allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, against Defendants Advanced Digital Replication, Inc. ("ADR"), Rezland Properties, LLC ("Rezland"), Pandemonium DVD, Inc. ("Pandemonium"), DVD Invasion, Inc. ("DVD Invasion"), Future Works Distributions, Inc. ("FW Distributions"), Future Works Unlimited, Inc. ("FW Unlimited"), Future Entertainment, Inc. ("Future Entertainment"), Backroom Sales, Inc. ("Backroom") d.b.a. Three Circle Video, Lucky Seven, Gourmet Video, Blue Ribbon Entertainment, BRS Direct, and Planet DVD Distributors,[*] Back-Room Sales, Inc. ("Back Room"), Net Ventures, Inc. ("Net Ventures"), Happy Harkins Ventures, LLC ("Happy Harkins"), Video Thrills, Inc. ("Video Thrills"), A.S. American Distributors, Inc. ("A.S. American"), Factory Direct Entertainment, Inc. ("Factory Direct"), Vonce, Inc. ("Vonce"), SEGGEDBE, Inc. ("SEGGEDBE"), Keppi, Inc. ("Keppi", and collectively with ADR Rezland, Pandemonium, DVD Invasion, FW Distributions, FW Unlimited, Future Entertainment, Backroom, Back Room, New Ventures, Happy Harkins, Video Thrills, A.S. American, Factory Direct, Vonce and SEGGEDBE, the "ADR Enterprises"), Jonathan Resnick ("Jonathan"), Rhoda Resnick ("Rhoda"), David Kurzman, Sam Schreiber, Larry Gerson (a.k.a. Larry Fields), Donna Sanford (collectively with Jonathan, Rhoda, Kurzman and Schreiber, the "ADR Individuals"), Pleasure Productions, Inc. d.b.a. Al Borda Video, Bruce Seven Productions, Las Vegas Video, New Vision Video, Outlaw Productions, Plum Productions, Regiment Productions, and Rosebud Digital ("Pleasure"), International Video Distributors ("International Video"), International Video Distributors South, LLC ("International Video South"), Frank Koretsky, New Mission LLC d.b.s. New Machine Publishing ("New Machine"), Acid Rain Productions, Inc. ("Acid Rain"), and Mitchell Spinelli, (collectively with Pleasure, International Video, International Video South, Koretsky and Acid Rain, "the ADR Customers") as follows:

Plaintiff then compounds this virtually impossible-to-parse introductory definitional paragraph by a series of "lumped" allegations against all or groups of defendants, making it impossible to actually understand who is alleged to have done what. See, e.g., Complaint ¶¶ 2, 39, 41, 48, 56, 57, 58, 59, 61, 62, 63, 64.

A pleading of this nature violates any number of principles embodied in the Federal Rules of Civil Procedure, to wit: Rule 8(e) (1) ("Each averment of a pleading shall be <u>simple</u>,

---

[*] This "d.b.a." allegation will be shown to be completely inaccurate. Neither "Back-Room Sales" entity (New Jersey or Pennsylvania) used any of these names. To the contrary, "Three Circle Video" and "Lucky Seven" were name of stores owned by Video Thrills, Inc. and sold in 2000; and Gourmet Video, Blue Ribbon Entertainment, BRS Direct and Planet DVD Distributors are all separate corporations, none of which are named as defendants herein. Furthermore, Planet DVD Distributors never engaged in any business.

ZANE AND RUDOFSKY

concise and direct. ***"); Rule 10(b) ("All averments of claim shall ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances: ***") (emphases added). For this reason, "lumping" is often not permitted. *See, e.g.,* Atuahene v. City of Hartford, 10 Fed. Appx. 33 (2nd Cir. 2001) (unreported summary opinion):

> Although Fed.R.Civ.P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir.1961); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995). By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws. Consequently, the district court did not abuse its discretion in dismissing the complaint. *See Simmons*, 49 F.3d at 87. [Emphasis added.]

*See, generally*, 2 Moore's Federal Practice (3rd Ed.), § 8.04[1], at n. 2 (pleading must provide fair notice of claim against each defendant); 5 Wright & Miller, Federal Practice & Procedure, § 1216 (citing Atuahene, *supra*).

Under the circumstances, we believe that the Rules require, and the interests of justice will best be served by, (a) dismissal of the Complaint as against those Kurzman-Schreiber Entities which have no liability to plaintiff as a matter of law, and (b) re-pleading of the Complaint as against Kurzman, Schreiber and Backroom Sales, Inc. (as well as any Kurzman-Schreiber Entity in respect of which summary judgment is not granted) to clearly allege the acts and omissions of these defendants upon which plaintiffs allege liablity.

Pursuant to the "so ordered" Stipulation dated October 10, 2007, the time of our clients to answer the Complaint expires November 13, 2007. Counsel for plaintiffs have advised us that they consider our request for a pre-motion conference (which we informally communicated to them on November 9, 2007) untimely, and that we are precluded from moving against the Complaint because the Stipulation used the term "answer," rather than "motion." We believe plaintiffs' contentions in these regards are meritless inasmuch as FRCP 12(b) permits a motion to dismiss to be made in lieu of an answer "at the option of the pleader" and FRCP 56(b) permits a defendant to move for summary judgment "at any time." Nevertheless, in light of plaintiffs' position, we request an immediate telephone conference with the Court or, in the alternative, the earliest possible conference date convenient to the Court.

Respectfully,

/s/ Edward S. Rudofsky

Edward S. Rudofsky

Cc Via Email: Mayer Brown LLP
            Attorneys for Plaintiff

*[Handwritten note:]* The Court will hold a pre-motion conference on November 20, 2007 at 10 AM. The time for the Kurzman-Schreiber Defendants to answer is stayed until then.

SO ORDERED

KENNETH M. KARAS, U.S.D.J.

11/13/07

3